UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In re:**

| | |
|---|---|
| **MIRABILIS VENTURES, INC.** | **CASE NO: 6:08-bk-4327-KSJ** |
| **Debtor.** | **CHAPTER 11** |
| _____/ | |
| **MIRABILIS VENTURES, INC. f/k/a AEM, INC.,** | **Adv. No. 09-968** |
| **Plaintiff,** | |
| vs. | |
| **FIFTH THIRD BANK,** | |
| **Defendant.** | |
| _____/ | |

## FIFTH THIRD BANK'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, FIFTH THIRD BANK, hereby answers Plaintiff's Complaint against FIFTH THIRD BANK for damages, and to the similarly numbered paragraphs thereof, states:

1. Admitted.

2. Admitted that Defendant is a foreign corporation with offices in many locations in Florida, including in Orange County, Florida. Defendant's principal place of business is Cincinnati, Ohio.

3. Admitted for jurisdictional and venue purposes only.

4. Without knowledge.

5. Admitted.

6. Admitted.

{O1497484;1}

7. Admitted that said modifications were filed, but without knowledge as to the substantive ramifications thereof.

8. Admitted.

9. Without knowledge.

10. Without knowledge.

11. Without knowledge.

12. Admitted.

13. Admitted.

14. Admitted only that the check was deposited in the AQMI bank account. All other allegations in paragraph 14 are denied, and further state that the deposit was facilitated through the fraud and misconduct of Amodeo only.

15. Denied. Defendant believes that at all relevant times, Frank Amodeo owned or controlled both AQMI and AEM. This belief is based in large part on the fact that the U.S. Attorney's investigation of Amodeo so concluded. Thus, the deposit of the Cashier's Check into the AQMI account was with the full knowledge and approval of AEM.

16. Admitted.

17. Admitted.

18. Denied.

19. Without knowledge. But, as noted in paragraph 14 above, Defendant believes that the work done by Mokwa, for which the retainer was to be provided, was in fact provided during the six (6) month period referenced above, and was paid for by AEM pursuant to invoices submitted by Mokwa, some or all of which may have been submitted and paid before June 9,

2008. Thus, the alternative financial arrangements referenced in paragraph 19 of the Complaint may have been made before the deposit of the Cashier's Check into AQMI's account.

20. Admitted.

21. Denied.

22. Admitted.

23. Admitted.

24. Without knowledge

25. The allegations of paragraphs 1 through 24 above are incorporated here by reference.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. The allegations of paragraphs 1 through 24 above are incorporated here by reference.

32. Denied. Further, Defendant believes that Mokwa may have done the subject work without a retainer, and with AEM instead paying for the work via periodic invoices, at least some of which were submitted and paid before the Cashier's Check was deposited into the AQMI account.

33. Admitted.

34. Denied.

35. Denied.

## Affirmative Defenses

FIFTH THIRD BANK hereby alleges the following affirmative defenses:

36. AEM is estopped from bringing this action. At all relevant times, AEM and AQMI were owned or controlled by Frank Amodeo. Beginning in October 2004, Amodeo and other co-conspirators where involved in a massive tax fraud, wire fraud and money laundering scheme, with Amodeo using AEM and AQMI, among other entities, to perpetrate his criminal activities. Amodeo is currently serving a sentence in excess of twenty years in federal prison for his crimes. Attorneys Mokwa and Bates were originally in-house counsel at MIRABILIS VENTURES, INC. When they left their position as in-house counsel and formed their private law firm, most of their work consisted of representing MIRABILIS and other Amodeo-related companies at Amodeo's behest. The Cashier's Check in question indicates on its face that it was issued on January 10, 2008. Amodeo's deposit of the check into the AQMI account did not occur until June 9, 2008, almost six months after the issuance of the check. During that intervening six months, AEM did not in any way notify FIFTH THIRD BANK that the Cashier's Check had been stolen or misplaced. While it is true that the Cashier's Check was payable to the Mokwa Bates Law Group, and that it was deposited into AQMI account, the deposit of the check into the AQMI was the functional equivalent of depositing the check into an AEM account since both AEM and AQMI were at all relevant times owned or controlled by Frank Amodeo, the individual who endorsed the check and caused it to be deposited. In summary, Amodeo, acting through AEM, requested that Mokwa and Bates perform work for AEM. Amodeo, acting through AEM purchased the subject Cashier's Check. Amodeo, acting through AEM, then failed for six months to deliver the check to Mokwa Bates, although presumably Mokwa Bates did the work that they had been hired to do by AEM during that intervening six months. Then Amodeo

deposited the Cashier's Check into the AQMI account, an account which was also controlled by Amodeo. AEM and AQMI were at all relevant times effectively alter egos of each other, both owned or controlled by Frank Amodeo, and that to the extent AEM suffered any loss as a result of the Bank's deposit of the funds into the AQMI account, that loss was completely off-set by AQMI's gain of the $135,000.00 dollars, and the fact that AQMI and AEM were alter egos, both owned or controlled by Frank Amodeo.

37. To the extent that any of the $135,000.00 dollars deposited into AQMI's account subsequently benefited AEM , FIFTH THIRD BANK is entitled to a set-off in the amount of any such transfers against the damages sought in this action.

38. AEM's alleged loss was due entirely to its own negligence in permitting Amodeo to purchase the Cashier's Check, in entrusting the Cashier's Check to Amodeo, and in permitting Amodeo to return the Check to Defendant for cancellation after it was determined that the Check would not be needed to pay the retainer to Mokwa.

    Respectfully submitted,

**AKERMAN SENTERFITT**
Post Office Box 231
420 South Orange Avenue
Suite 1200
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
Email: ed.foster@akerman.com
Email: esther.mckean@akerman.com
Attorneys for Defendant, Fifth Third Bank


By: *s/Esther A. McKean*
    Joseph E. Foster, Esq.
    Florida Bar Number: 282091
    Esther A. McKean, Esq.
    Florida Bar Number: 28124

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by CM/ECF Notice and U.S. mail this 20th day of January, 2010 to: Mariane L. Dorris, Esq., and Justin M. Luna, Esq., Latham, Shuker, Eden & Beaudine, LLP, P. O. Box 3353, Orlando, FL 32802-3353.

                                        *s/Esther A. McKean*
                                        Joseph E. Foster, Esq.
                                        Florida Bar Number: 282091
                                        Esther A. McKean, Esq.
                                        Florida Bar Number: 28124